IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENITO ALVAREZ LEDO,

    Petitioner,

v.                                                     No. 26-cv-1005-MIS-KRS

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT and OTERO COUNTY
PROCESSING CENTER,

    Respondents.

**ORDER OF DISMISSAL**

This matter comes before the Court on *pro se* Petitioner Benito Alvarez Ledo's Letter-Response, ECF No. 5, filed in response to the Courts' Order to Show Cause, ECF No. 4. Having reviewed the record, the Court determines that Petitioner is subject to detention during the 90-day removal period under 8 U.S.C. § 1231. The Court will therefore dismiss Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, without prejudice, as set forth below.

**BACKGROUND**

Petitioner's aunt, Maritza De Armas, filed the instant case on April 2, 2026 on Petitioner's behalf as his "Next Friend." ECF No. 1 at 1-2. Petitioner challenges his immigration custody at the Otero County Processing Center in Chaparral, New Mexico. *Id.* He has been in immigration custody since January 5, 2026. *Id.* at 6. The immigration court entered a removal order on February 10, 2026. *See id.* at 4; *see also* https://acis.eoir.justice.gov/en/caseInformation (Executive Office for Immigration Review automated case information website, last visited April

22, 2026).    There is no record that Petitioner filed an appeal, and it appears the immigration order is now final.    *Id.; see also Riley v. Bondi*, 606 U.S. 259, 267 (2025) (a removal order is final if the noncitizen does not appeal within 30 days).    Petitioner contends that immigration officials are unable to effectuate his removal to his country (Cuba), and he asks the Court to order his release. *See* ECF No. 1 at 3, 9.

On April 6, 2026, the Court entered an Order to Show Cause, ECF No. 4, explaining that, because Petitioner's removal order became final less than 90 days ago, he is subject to mandatory detention under 8 U.S.C. § 1231(a)(1)(A).    *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("During the 90-day removal period, … [the noncitizen] must be held in custody.").    The Court further explained that when the 90-day statutory removal period expires, Petitioner's detention is presumptively reasonable for a six-month period.    *See Zadvydas*, 533 U.S. at 701.    The Court therefore ordered Petitioner to show cause, if any, why the Petition should not be summarily dismissed without prejudice.    ECF No. 4 at 3-4.

In response to the Order to Show Cause, Petitioner's aunt filed the Letter-Response. ECF No. 5.    She acknowledges Petitioner is currently within the 90-day mandatory detention period, but she argues that "exceptional circumstances" justify his release.    *Id.* at 1.    She asserts the exceptional circumstances are: Petitioner's mental health conditions, including depression, which is being treated with prescribed medication; and his high blood pressure with a risk of developing diabetes.    *Id.* at 1.    She further states he does not present a danger to the community and has strong ties to the United States.    *Id.* at 1-2.

2

**DISCUSSION**

Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief. *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the Judge must order … an answer." *Id.*

Petitioner's removal order was entered on February 10, 2026, and it became final on March 12, 2026 – thirty days after it was issued. *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.). Consequently, his detention is governed by 8 U.S.C. § 1231 and he is subject to mandatory detention during a 90-day removal period. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen); *see also Zadvydas*, 533 U.S. at 683 (explaining that petitioners "must be held in custody" during this statutory period). After the 90 days, the Government may continue detaining Petitioner for a presumptively-reasonable six-month period, after which, "once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Zadvydas*, 533 U.S. at 701.

3

For these reasons, Petitioner cannot prevail on his § 2241 Petition or obtain a release at this time.   Petitioner is also not entitled to a bond hearing.   *See Gregorio v. Warden*, Case No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory."); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to … orders of removal, meaning those aliens are not entitled to a bond hearing.").   To the extent Petitioner intends to bring conditions of confinement claims relating to his medical treatment, he must do so in a separate civil rights proceeding.   *See Hamilton v. Bird*, 650 F. App'x 585, 588 (10th Cir. 2016) (litigants generally may not assert habeas corpus claims and civil rights claims in the same action); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (a petition for writ of habeas corpus is only available to challenge the duration of confinement, not the conditions of confinement). Therefore, because the Court cannot grant the requested relief at this time, the Petition will be dismissed without prejudice.   Petitioner may refile his claims after expiration of the six-month period under *Zadvydas*, or if the basis for the claims change.

**IT IS THEREFORE ORDERED** that Petitioner Benito Alvarez Ledo's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**ECF No. 1**) is **DISMISSED without prejudice** to refiling; and the Court will enter a separate judgment closing the civil case.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE